IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SANDRA GRAY, INDIVIDUALLY, ) <br> AND AS EXECUTRIX OF ) <br> THE ESTATE OF NATHAN GRAY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEGGY L. BROWN, INDIVIDUALLY, ) <br> ) <br> ELLEN W. MCDORMAN, ) <br> INDIVIDUALLY ) <br> ) <br> EMMCO, LLC, ) <br> ) <br> JPMORGAN CHASE BANK, AS ) <br> TRUSTEE, FOR NOVASTAR ) <br> MORTGAGE FUNDING ) <br> TRUST, SERIES 2005-2, NOVASTAR ) <br> HOME EQUITY LOA ASSET-BACKED ) <br> CERTIFICATES, SERIES 2005-2, ) <br> ) <br> THE BANK OF NEW YORK ) <br> MELLON CORPORATION ) <br> F/K/A THE BANK OF NEW YORK, ) <br> SUCCESSOR IN INTEREST TO ) <br> JPMORGAN CHASE BANK, AS ) <br> TRUSTEE FOR NOVASTAR ) <br> MORTGAGE FUNDING ) <br> TRUST, SERIES 2005-2, NOVASTAR ) <br> HOME EQUITY LOA ASSET-BACKED ) <br> CERTIFICATES, SERIES 2005-2, ) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> ) <br> MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS, INC. ) <br> ) <br> Defendants. ) | Case No. 3:17-cv-00153-CDL |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT
AND MEMORANDUM IN SUPPORT**

- 1 -

Pursuant to Federal Rules of Civil Procedure 15 and 21, the plaintiff respectfully moves this Honorable Court to permit the plaintiff to amend the Complaint to reflect the substitution of a correct defendant with one improperly joined, to describe more specifically the claims against each defendant, to remove defendant Law Offices of Peggy Brown, and to remove the legal malpractice count against a defendant.  The proposed amendment to plaintiff's complaint is attached hereto as Exhibit A.

## Procedural Posture

Plaintiff filed suit on August 2, 2017 in Walton County Superior Court, Georgia.  On November 14, 2017, Defendants Ocwen Loan Servicing, LLC and JP Morgan Chase Bank, N.A. filed a Notice to Remove the Superior Court action to this Court.  The Court has not entered a discovery order, nor have the parties engaged in discovery.

In support of this motion, the plaintiff shows the Court as follows:

## Memorandum in Support of Motion

Federal Rule of Civil Procedure 15(a) requires that leave to amend a complaint "be freely given if justice so requires." Fed. R. Civ. P. 15(a). In addition, the Federal Rules of Civil Procedure state that "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  Granting this motion allows the plaintiff to substitute a defendant for one improperly joined and to describe in further detail the practices at issue in this action.

In her original complaint, plaintiff described various practices engaged in by the defendants from the initiation of a Loan transaction that led to a fraudulent Security Deed being placed on the plaintiff's property.  The Amended Complaint makes it clear which defendants

engaged in each alleged unlawful practice, as well as correctly names defendant JP Morgan Chase Bank as trustee and not simply as an assignee.

Defendants will not suffer undue prejudice from the filing of Plaintiffs' Amended Complaint because: 1) the claims asserted in the Amended Complaint are more specific than those asserted in the Complaint; and 2) the parties have not engaged in any discovery.

## Argument

### I. The Efficient Administration of Justice Requires That Plaintiff be Given Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with the court's leave "when justice so requires." Fed. R. Civ. P. 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). This standard is readily met here, as the more detailed description of the claims at issue in the Amended Complaint narrows the scope of the issues presented in this litigation and will prevent the Court's time from being wasted at trial.

### II. Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiff Should Not Be Given Leave to Amend

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff has not delayed in filing this motion to amend. The Court has not yet entered a discovery order in this case setting a deadline for amending pleadings. None of the other *Foman* factors are present. Plaintiff is submitting the Amended Complaint within the time allowed to amend pleadings under Fed. R. Civ P. 15(a)(1). The Amended Complaint does not add any causes of action, but instead removes a defendant from the original complaint, removes a cause of action from the original complaint, more clearly describes the claims at issue in the causes of action identified in the original complaint, and accurately describes JP Morgan Chase Bank as trustee and not simply as an assignee.

## Conclusion

For the above reasons, Plaintiff's Motion for Leave to File Amended Complaint should be granted.

Dated: 12/12/2017

/s/
**TASHIA ZEIGLER**
Georgia Bar No. 784499
The Zeigler Firm, LLC
1900 The Exchange
Suite 495
Atlanta, GA 30339
404-913-2709
470-428-8064 (fax)
tzeigler@thezeiglerfirm.com

**LATAWSHA LITTLE-HILL**
Georgia Bar No. 940390
4500 Hugh Howell Road, Suite 600
Tucker, GA 30084
(404) 272-1567
attorneylittlehill@gmail.com

*Attorneys for Sandra Gray*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2017, I electronically filed the foregoing **Motion for Leave to Amend Plaintiff's Complaint** with the Clerk of Court using CM/ECF system. I further certify that I mailed the foregoing document by first class mail to the following persons:

| | |
|---|---|
| John Michael Kearns<br>Locke Lord LLP<br>3333 Piedmont Road NE<br>Terminus 200, Suite 1200<br>Atlanta, GA 30305 | Peggy L. Brown<br>930 Paper Creek Drive<br>Lawrenceville, GA 30046 |
| Ellen W. McDorman<br>748 Templeton Drive<br>Loganville, GA 30052 | Law Offices of Peggy L. Brown, P.C<br>250 Langley Drive #1301<br>Lawrenceville, GA 30046 |
| Emmco, LLC<br>113 Reed Avenue<br>Lexington, SC 29072 | |

           /s/ Tashia Zeigler

           TASHIA ZEIGLER
           Georgia Bar No. 784499

           *Attorney for Sandra Gray*