IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SANDRA GRAY, | * |
|     Plaintiff, | * |
| vs. | *     CASE NO. 3:17-CV-153 (CDL) |
| PEGGY L. BROWN, *et al.*, | * |
|     Defendants. | * |

O R D E R

Presently pending before the Court is a motion for Rule 11 sanctions filed by Bank of New York Mellon ("Mellon") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants").[1] As discussed below, the motion (ECF No. 56) is denied.

Plaintiff alleges that her signature was forged on closing documents when her late husband obtained a refinance loan secured by property that she owned as the sole owner. Plaintiff insists that she did not sign the loan documents and that there was no legitimate borrower-lender relationship between her and the lender. She contends that Mellon accepted assignment of the promissory note and security deed and that Ocwen undertook servicing the loan even though they both had enough information to know that her signature on the security deed was forged and that there was thus no legitimate borrower-lender relationship.

---

[1] Also pending is Plaintiff's motion for preliminary injunction (ECF No. 63). That motion is not yet ripe.

Plaintiff asserts negligence claims against Mellon and Ocwen, as well as a claim for declaratory judgment, seeking declaration that the promissory note and security deed must be canceled due to forgery and fraud.[2]

Defendants filed a motion seeking sanctions under Federal Rule of Civil Procedure 11. Defendants presented evidence that Plaintiff's handwriting expert opined that the signatures on the loan documents are probably Plaintiff's, and Defendants' handwriting expert opined that the signatures are definitely hers. Defendants also presented evidence that although the notary who notarized one of the loan documents did not remember notarizing the document, she most likely would have followed her normal process of verifying Plaintiff's identity before notarizing the document. Defendants argue that because all of Plaintiff's claims are based on her assertion that she was not present for the closing of the loan and did not sign any of the loan documents, her claims cannot succeed since the only evidence that Plaintiff's signatures were forged is Plaintiff's own self-serving assertion that she did not sign the documents.[3]

---

[2] Plaintiff also asserts claims against several Defendants who were involved in the closing. Those claims are not at issue in the Rule 11 motion.

[3] Defendants also argue in passing and without citing any authority that no duty exists under Georgia law that would support a negligence claim against them. In essence, Defendants seek summary judgment on the negligence claims without satisfying the requirements of Federal Rule of Civil Procedure 56(a). The present record does not support summary judgment on the negligence claims.

2

If the Court were to ignore Plaintiff's assertion that she did not sign the documents, then Plaintiff's claims would fail as a matter of law because no evidence exists supporting them. Under those circumstances, Plaintiff's continued pursuit of her claims against Defendants would be a violation of Rule 11(b) and sanctionable under Rule 11(c). But the Court cannot ignore Plaintiff's assertion simply because it is self-serving and uncorroborated by other evidence. *Cf. United States v. Stein*, 881 F.3d 853, 854 (11th Cir. 2018) (holding that an affidavit "may create an issue of material fact and preclude summary judgment even if it is self-serving and uncorroborated"). A jury may conclude based on all of the evidence that Plaintiff's assertion must be disregarded as a lie, but the Court may not disregard it at this stage in the litigation. Therefore, the Court finds that Defendants have not established a violation of Rule 11(b), and Defendants' motion for Rule 11 sanctions (ECF No. 56) is denied.

IT IS SO ORDERED, this 20th day of May, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA