IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SANDRA GRAY, *individually and as the executrix for the estate of Nathan Gray*, | * * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:17-CV-153 (CDL) |
| PEGGY BROWN, *et al.*, | * | |
| Defendants. | * | |

O R D E R

Presently pending before the Court is Plaintiff's motion for preliminary injunction (ECF No. 63). As the Court previously recounted, Plaintiff alleges that her signature was forged on closing documents when her late husband obtained a refinance loan secured by property that she owned as the sole owner. Plaintiff insists that she did not sign the loan documents and that there was no legitimate borrower-lender relationship between her and the lender. Plaintiff asserts fraud and negligence claims against the loan originator, the closing attorney, and a notary who was involved in the closing, and she seeks a declaration that the security deed should be set aside due to fraud. Plaintiff further contends that Bank of New York Mellon ("Mellon") accepted assignment of the promissory note and security deed and that and Ocwen Loan Servicing, LLC ("Ocwen") undertook servicing the loan even though they both had

enough information to know that her signature on the security deed was forged and that there was thus no legitimate borrower-lender relationship. Ocwen recently acquired PHH Mortgage Services ("PHH"). By letter dated April 12, 2019, Ocwen informed Plaintiff that the servicing of her loan would be transferred to PHH, effective May 1, 2019. Plaintiff filed her present motion on May 6, 2019, seeking a preliminary injunction restraining Ocwen from transferring the servicing of Plaintiff's loan.

To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits of her case; (2) that she would suffer irreparable injury without the issuance of the injunction; (3) that her potential injury is greater than the possible harm the injunction would cause [Defendants]; and (4) that the injunction would disserve the public interest." *Berber v. Wells Fargo Bank, N.A.*, 760 F. App'x 684, 686 (11th Cir. 2019) (per curiam). "A court need not examine all of four prongs, because if, as here, no showing of irreparable injury is made, the injunction cannot be issued." *Id.* Here, Plaintiff has not established that she will suffer irreparable harm based on Ocwen's transfer of her loan servicing to its subsidiary. The only harm she points to is that a new entity is now a potential Defendant even though the pleadings and discovery are closed. That is not an irreparable harm.

2

Since Plaintiff did not establish that irreparable harm would result without a preliminary injunction, her motion for preliminary injunction is denied.

The parties are advised that this case will be tried during the Court's November 2019 trial term, and the pretrial conference will be held in October 2019.

IT IS SO ORDERED, this 20th day of June, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA