IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SANDRA GRAY, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3-17-cv-153 (CDL) |
| PEGGY BROWN, *et al.*, | * | |
| Defendants. | * | |

O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment as to Emmco, LLC (ECF No. 92). Emmco, LLC was served by publication pursuant to the Court's order. Order Granting Mot. for Service by Publication (ECF No. 33); Notice of Service by Publication (ECF No. 37). Emmco, LLC did not answer or otherwise respond, so Emmco, LLC is in default. The Clerk entered a default as to Emmco, LLC on October 15, 2019.

By defaulting, a defendant admits the factual allegations in a plaintiff's complaint, and those facts must be accepted as true for purposes of a motion for default judgment. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Here, Plaintiff alleges that she did not sign a May 2005 security deed under which her home was collateral for a refinance loan and that the security deed is thus void due to forgery. Am. Compl. ¶¶ 28, 39, ECF No. 20.

But, these allegations of fact cannot be accepted as true to the detriment of the non-defaulting Defendants. At the jury trial on the claims against the non-defaulting Defendants, the jury concluded that Plaintiff had not met her burden of proving that she did not sign the May 27, 2005 security deed. In light of the jury verdict, Plaintiff's allegations in the Amended Complaint cannot be accepted to establish that the security deed is void due to forgery. And because all of the damages Plaintiff seeks in her motion for default judgment flow from her allegation that the security deed is void due to forgery—an allegation that the jury rejected—she cannot prove any damages because the security deed is not void. *Cf. Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)) (suggesting that it would be "incongruous and unfair" for a plaintiff to prevail on a breach of contract claim against a defaulting defendant when a jury in a separate action had concluded that plaintiff had breached the contract). The Court rejects the notion that it can simply speculate what damages Plaintiff would suffer if she did not have a valid security deed encumbering her property.

The Court recognizes Plaintiff also alleged that Emmco, LLC violated the Truth in Lending Act ("TILA") by failing to make disclosures required under 15 U.S.C. § 1631 and 15 U.S.C.

2

§ 1638.  Plaintiff did not mention TILA in her motion for default judgment, and she did not present any evidence that she suffered damages caused by Emmco, LLC's failure to make the TILA disclosures.  Furthermore, claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Even if this deadline were tolled until February 2016, when Plaintiff says she learned of the refinance loan, Plaintiff did not file this action until more than a year later, so any TILA damages claims are time-barred.

For the reasons set forth above, Plaintiff's motion for default judgment as to Emmco, LLC (ECF No. 92) is denied. Furthermore, the Court finds that Plaintiff has no viable claims against Emmco, LLC given the binding determination that the security deed on her property is valid and her claims are otherwise barred by the statute of limitations.  Accordingly, judgment shall be entered in Emmco, LLC's favor along with the other Defendants.

IT IS SO ORDERED, this 12th day of December, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA