IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SANDRA GRAY, | * |
|     Plaintiff, | * |
| vs. | *    CASE NO. 3:17-CV-153 (CDL) |
| PEGGY BROWN, *et al.*, | * |
|     Defendants. | * |

O R D E R

Defendant Peggy Brown filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, requesting $41,408.50 in attorney's fees. Brown Aff. ¶ 6, ECF No. 112 at 5. Because Brown sought relief that she was not entitled to recover—attorney's fees to a *pro se* litigant—the Court denied her motion. Order Den. Mot. for Sanctions, ECF No. 116 (citing *Massengale v. Ray*, 267 F.3d 1298, 1303 (11th Cir. 2001), which held that the district court erred in awarding attorney's fees to a *pro se* attorney litigant as a Rule 11 sanction). Now, Brown seeks reconsideration of that order, and she asks the Court to award her sanctions in the form of lost income. Such relief was not explicitly foreclosed by *Massengale*. *See Massengale*, 267 F.3d 1298, 1303 n.2 (reserving for a future decision the question whether a pro se litigant could "properly seek and be awarded a Rule 11 sanction measured by the loss of

income that litigant suffered as a result of having to take time off work to respond to the sanctionable conduct"). Brown asserts that her lost income totals $41,408.50—the same amount she sought as attorney's fees.

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Motions for reconsideration should not be used to relitigate old matters or raise arguments that could have been raised in the original motion. *Cf. Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (finding no error in denying Rule 59 motion to alter or amend the judgment that was based on information that could have been discovered before entry of judgment). Here, Brown does not contend that the Court made any errors of law or fact in finding that a *pro se* litigant cannot recover attorney's fees as a Rule 11 sanction. In fact, the Court's decision was based on authority that Brown cited in her original Rule 11 motion. And, Brown did not establish any other valid basis for reconsideration; she pointed to no new law or facts. Instead, faced with an adverse ruling, Brown simply wants to change her

argument.[1] That is not a valid basis for reconsideration. Accordingly, the Court denies Brown's motion for reconsideration (ECF No. 119) and her "Amendment" to her Rule 11 sanctions motion, which is also styled as a motion for reconsideration (ECF No. 118).

IT IS SO ORDERED, this 2nd day of March, 2020.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Brown states that she "amends" her Rule 11 motion pursuant to Federal Rule of Civil Procedure 15(a)(2). That rule permits amendment of a pleading before trial with the opposing party's written consent or the court's leave. It does not apply here. A Rule 11 motion is not a pleading. See Fed. R. Civ. P. 7 (distinguishing pleadings from motions and other papers). Brown is seeking to amend her motion after trial and after an adverse ruling on the original motion. And, Brown did not receive written consent of the opposing party or the Court.